# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No.: 15-41669-BTR |
| WINGSPAN PORTFOLIO HOLDINGS, | § | |
| INC., | § | Involuntary Chapter 7 |
| | § | |
| Debtor. | § | |

**PETITIONING CREDITORS' MOTION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503(b)**

**TO THE HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**

COME NOW Steven Horne ("Horne") and Matthew Cassell ("Cassell"), petitioning creditors and interested-parties in the above-referenced case (collectively, the "Petitioning Creditors"), and move the Court for entry of an order, pursuant to 11 U.S.C. § 503(b) of the United States Bankruptcy Code (the "Bankruptcy Code"), allowing and ordering payment of the Petitioning Creditors' administrative expense claim in the amount set forth herein to compensate the Petitioning Creditors for their expenses, including professional fees and costs, in connection with commencing this case. In support of this Motion, the Petitioning Creditors respectfully show the following:

## FACTUAL BACKGROUND

1. On August 19, 2015, the Petitioning Creditors engaged counsel at Crouch & Ramey and Curtis Castillo PC to represent the Petitioning Creditors regarding their respective status as creditors of Wingspan Portfolio Holdings, Inc. ("Wingspan" or "Debtor") and the potential filing of an involuntary Chapter 7 bankruptcy against that company under section 303 of the Bankruptcy Code. On or around such date, the Petitioning Creditors began their legal and factual investigation regarding the grounds for filing the case and preparing the involuntary petition.

2. On September 18, 2015, the Petitioning Creditors commenced the above-captioned case by filing their involuntary petition (the "Involuntary Petition") for relief against Wingspan pursuant to 11 U.S.C. § 303. [Dkt. 1].

3. On October 13, 2015, Wingspan filed its answer opposed to the Involuntary Petition. [Dkt. 7].

4. On October 27, 2015, the Court held a hearing at which the parties discussed the Debtor's opposition to the Chapter 7 filing and discovery necessary for preparation for a contested trial on the filing. The adjudication hearing was rescheduled for a three-hour evidentiary hearing to be held on December 9, 2015. Accordingly, the Petitioning Creditors and Debtor commenced their respective discovery, including document requests, exchange, and review, deposition scheduling, and other necessary pre-trial preparations.

5. On November 18, 2015, Wingspan filed its Motion to Dismiss or Abstain from the chapter 7 case. [Dkt. 9]. The hearing on the Motion to Dismiss also was scheduled for hearing to be held on December 9, 2015.

6. On December 2, 2015 (the day the Petitioning Creditors were scheduled and

prepared to take depositions of the Debtor's designated representatives/witnesses), the Debtor acquiesced to the bankruptcy case, and canceled the scheduled depositions. Later that day, the Court entered an Order for Relief for Wingspan under Chapter 7 of the Bankruptcy Code. [Dkt. 12]. The Debtor also withdrew its Motion to Dismiss. [Dkt. 13].

7.      Prior to the Court's entry of the Order for Relief, the Petitioning Creditors incurred expenses and attorney fees and costs in investigating, filing, and prosecuting the involuntary petition, for which they hereby seek priority compensation. *See* Exhibit A (the "Legal Expenses") hereto, true and correct copies of the attorney fee and expense invoices incurred by the Petitioning Creditors. The Legal Expenses include (a) time charged at rates regularly charged by the respective firms and agreed to by the Petitioning Creditors, (b) work done in connection with this case, and (c) costs actually incurred by the Petitioning Creditors and their counsel.

## RELIEF REQUESTED AND BRIEF IN SUPPORT

8.      Sections 503(b)(3) and (4) of the Bankruptcy Code grant administrative expense priority for the expenses and attorney fees of creditors who file an involuntary petition. 11 U.S.C. §§ 503(b)(3) and (4). A leading bankruptcy treatise explains the reasons for allowing such expenses at a priority level:

> The rationale for allowing a petitioning creditor to be reimbursed from the estate is that the petitioning creditor's actions benefitted the estate and other creditors. By initiating the case and creating the estate, the petitioning creditor brought those assets under the jurisdiction of the court, thus preventing the debtor from dissipating the assets. Section 503(b)(3)(A) conclusively presumes that initiating an involuntary case is beneficial to creditors.

4 COLLIER ON BANKRUPTCY (SIXTEENTH ED.), ¶ 503.10[2][a] (citing *In re Key Auto Liquidation Center, Inc.*, 384 B.R. 599, 604 (Bankr. N.D. Fla. 2008); *In re J.V. Knitting Serv., Inc.*, 22 B.R. 543 (Bankr. S.D. Fla. 1982)). The bankruptcy treatise further explains that

attorneys' fees are the type of expense likely to be incurred by a petitioning creditor and recoverable under section 503(b):

> Attorney's fees allowable to petitioning creditors under this section are not limited only to fees and costs spent on preparing and filing the petition, but can include fees for additional time spent on matters "directly related" to preparing and filing the petition. This may include time spent contacting other creditors to join in the petition, legal and factual research regarding the grounds for filing the case and, if entry of an order for relief is contested by the debtor, litigating whether an order for relief should be entered.

4 COLLIER ON BANKRUPTCY (SIXTEENTH ED.), ¶ 503.10[2][b] (citing *In re Indian Motorcycle Apparel and Accessories Co.*, 174 B.R. 659 (Bankr. D. Mass. 1994); *In re Hanson Indus., Inc.*, 90 B.R. 405 (Bankr. D. Minn. 1991); (other citations omitted)).

9. The Petitioning Creditors' expenses and attorney fees and costs were actual, necessary, and reasonable given the circumstances of this disputed case. Further, these expenses are those that are typically and regularly incurred by petitioning creditors in an involuntary bankruptcy case, and explicitly anticipated and allowed by the Bankruptcy Code.

10. Based on the foregoing, the Legal Expenses constitute allowable administrative priority expenses pursuant to 11 U.S.C. §§ 503(b)(3) and (4), and the Court should grant allowance and payment of such claims.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** the Petitioning Creditors respectfully request that this Court enter an order (a) awarding the Petitioning Creditors an allowed administrative claim under 11 U.S.C. §§ 503(b)(3) and (4) in the total amount of $22,915.82, (b) directing the Trustee to make prompt payment of such claim when sufficient funds are available to do so, and (c) granting the Petitioning Creditors such other and further relief to which they may be justly entitled.

Dated: July 3, 2017

Respectfully submitted,

*/s/ Bryan C. Assink*
Mark A. Castillo
Texas State Bar No. 24027795
Bryan C. Assink
Texas State Bar No. 24089009
**CURTIS | CASTILLO PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709
mcastillo@curtislaw.net
bassink@curtislaw.net

**COUNSEL FOR PETITIONING CREDITORS MATTHEW CASSELL AND STEVEN HORNE**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on July 3, 2017, a true and correct copy of the foregoing document was served by the Court's ECF system or otherwise by first-class mail, postage prepaid, to counsel for the Debtor, the Trustee, and the U.S. Trustee, and was served via the Court's ECF system on all other parties receiving such service.

*/s/ Bryan C. Assink*
Bryan C. Assink