# Exhibit A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made by and between: Michelle H. Chow, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Wingspan Portfolio Advisors, LLC ("WPA") and the bankruptcy estate of Wingspan Portfolio Holdings, Inc. ("WPH") (WPA and WPH shall be collectively referred to as "Debtors"), on the one hand; and Steven Horne ("Horne"), Matt Cassell ("Cassell"), Cesar Hernandez ("Hernandez"), Vikash Jain ("Jain"), Jim Robertson ("Robertson"), Van Pardue ("Pardue"), Remi Geahel ("Geahel"), CitiWest, Inc. ("CitiWest"), Rick Kneipper ("Kneipper"), Jason Spooner ("Spooner"), David Harris ("Harris") and John Frenzel ("Frenzel") (Horne, Cassell, Hernandez, Jain, Robertson, Pardue, Geahel, CitiWest, Kneipper, Spooner, Harris and Frenzel will collectively be referred to as the "Insureds"); and Great American Insurance Company ("GAIC"), on the other hand. The Trustee, the Insureds, and GAIC shall be collectively referred to in this Agreement as the "Parties."

## RECITALS

WHEREAS:

1.      On July 13, 2015 (the "WPA Petition Date"), WPA filed a Voluntary Petition under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in Case No. 15-41255-BTR (the "WPA Case"). On December 2, 2015 (the "WPH Petition Date"), an Agreed Order for Relief under Chapter 7 of the Bankruptcy Code was entered against WPH in Case No. 15-41669-BTR (the "WPH Case"). The WPA Case and WPH Case are currently pending in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Court"). Michelle H. Chow is the duly appointed Chapter Trustee for the WPA bankruptcy estate and the WPH bankruptcy estate.

**SETTLEMENT AGREEMENT - Page 1**

2.      On or about June 29, 2016, the Trustee, through her counsel, sent a demand letter to the Insureds and GAIC regarding potential claims that the Trustee could pursue in the WPA Case and WPH Case (the "Demand Letter").

3.      GAIC issued Directors', Officers', Insured Entity and Employment Practices Liability Policy No. DOL3664220 (the "Policy") to WPH.  The Policy has a $5,000,000 limit of liability, and provides coverage, subject to its terms and conditions, for "a Claim … first made" against the "Insured Persons" during the "Policy Period" of February 13, 2015 to February 13, 2016, with an "Extended Reporting Period" of July 13, 2015 to July 13, 2018.

4.      The Parties to this Agreement desire to avoid the expense and uncertainty involved in a protracted trial and desire to compromise, settle, and dispose of all possible claims that could be asserted in this matter, except as set forth herein.

5.      For and in consideration of the recitals, terms, conditions, mutual releases, and agreements as stated in this Agreement, and in order to compromise and settle all disputes and claims in this matter between the Trustee and GAIC, and between the Trustee and the Insureds, the Parties hereby enter into this Agreement and agree as set forth below.

## AGREEMENTS

6.      Insureds, by and through GAIC, shall pay to the Trustee the sum of One Million Seven Hundred Thousand and 00/100 Dollars ($1,700,000.00) within ten (10) business days after the Bankruptcy Court's approval of this settlement becomes a "Final Order."  For purposes of this Agreement, "Final Order" shall mean an order of the Bankruptcy Court as to which (i) the time to appeal, petition for writ of certiorari, or other proceedings for reargument or rehearing shall have expired without any such appeal, petition for certiorari, or other proceedings for reargument or rehearing having been taken or made, and (ii) in the event that an appeal, petition for writ of certiorari, or other proceedings for reargument or rehearing thereof has been sought, such order

shall have been affirmed by the highest court to which such order was appealed, or petition for writ of certiorari or reargument or rehearing was sought, and the time to take any further appeal, petition for writ of certiorari, or move for reargument or rehearing shall have expired.  The settlement check shall be made payable to Michelle H. Chow, Trustee.

7.     The Insureds covenant and agree to, and to cause its respective counsel, reasonably cooperate with the Trustee and her counsel with the commencement or prosecution of claims or causes of action, and objections to claims of creditors, in the WPA Case and the WPH Case. Reasonable cooperation shall not require assistance with the Jain Excluded Claim, as described *infra*, paragraph 9.  Nothing herein shall be construed to waive any rights of the Trustee or relieve any Insured for any subpoena or other process or discovery related to the Jain Excluded Claim.

8.     After all Parties execute this Agreement, the Trustee will file with the Bankruptcy Court a Motion for Approval of this Agreement.

9.     Effective upon the full and complete payment described in Paragraph 6 above, and the entry of a Final Order by the Bankruptcy Court approving this Agreement, and except for claims, causes of action, demands, or liabilities arising out of this Agreement, or excluded by this Agreement, the Trustee, on behalf of the bankruptcy estate of WPA, on behalf of the bankruptcy estate of WPH, herself and her agents, employees, attorneys, representatives, predecessors, successors and assigns (the "Trustee Related Persons"), hereby fully and irrevocably releases, acquits, relinquishes, and discharges the Insureds, and each of their respective heirs, attorneys and insurers (the "Insured Related Persons") of and from any and all liabilities, claims, causes of action, demands for payment, debts, damages, obligations, costs (including costs of suit and attorney's fees and expenses), or demands of whatever nature, character, type or description, whether known or unknown, direct, indirect, or derivative, fixed or contingent, secured or unsecured, existing or potential, suspected or unsuspected, which the Trustee Related Persons have or may have against

the Insured Related Persons by reason of any matter or thing whatsoever arising out of or in any way connected with, directly or indirectly, any act or omission whatsoever arising out of or in any way connected, directly or indirectly with the Demand Letter, the WPA Case, the WPH Case, the WPA bankruptcy estate, the WPH bankruptcy estate, or any act or omission on the part of the Insured Related Persons; however, this release excludes any claim the Trustee Related Persons have or may have against Jain related to that certain Secured Promissory Note, and any damages, attorney's fees and costs related thereto (the "Jain Excluded Claim").

10.     Effective upon the full and complete payment described in Paragraph 6 above, and the entry of a Final Order by the Bankruptcy Court approving this Agreement, the Insured Related Persons, on behalf of themselves, their heirs, predecessors, successors, agents, employees, attorneys, representatives, hereby fully and irrevocably release, acquit, relinquish, and discharge the Trustee Related Persons of and from any and all liabilities, claims, causes of action, demands for payment, debts, damages, obligations, costs (including costs of suit and attorney's fees and expenses), or demands of whatever nature, character, type or description, whether known or unknown, direct, indirect, or derivative, fixed or contingent, secured or unsecured, existing or potential, suspected or unsuspected,  which the Insured Related Persons have or may have against the Trustee Related Persons by reason of any matter or thing whatsoever arising out of or in any way connected with, directly or indirectly, any act or omission whatsoever arising out of or in any way connected, directly or indirectly with the Demand Letter, the WPA Case, the WPH Case, the WPA bankruptcy estate, the WPH bankruptcy estate, or any act or omission on the part of the Trustee Related Persons.  The Insured Related Persons will file a notice of withdrawal of any proof of claim filed in the WPA Case or the WPH Case.

11.     Effective upon the full and complete payment described in Paragraph 6 above, the issuance of the Final Order, and except for claims, causes of action, demands, or liabilities arising

out of this Agreement, the Trustee Related Persons hereby fully and irrevocably release, acquit, relinquish, and discharge GAIC, and its affiliates, predecessors, successors, parents, subsidiaries, directors, officers, employees, agents, attorneys, insurers and reinsurers, and any other persons or entities controlled, directly or indirectly, by GAIC (the "GAIC Released Parties") from any and all actual or alleged claims, demands, debts, "Costs of Defense," "Loss" (as those terms are defined by the Policy), obligations, liabilities, settlements, costs, charges, expenses, rights of action, causes of action, of any kind or character whatsoever, whether known or unknown, suspected or unsuspected, which they now have or claim to have, or which may at any time hereafter accrue, arising out of, in connections with in consequence of, in any way involving or related to the Demand Letter, the WPA Case, the WPH Case, the WPA bankruptcy estate, the WPHA bankruptcy estate, or the Policy.

12.     Effective upon the full and complete payment described in Paragraph 6 above, and the entry of a Final Order by the Bankruptcy Court approving this Agreement, GAIC Released Parties irrevocably waives and releases any rights, claims, or defenses, under the Policy or otherwise, against the Trustee Related Persons with respect to the settlement payment in section 6 above, and fully and irrevocably release, acquit, relinquish, and discharge the Trustee Related Persons from any and all actual or alleged claims, demands, obligations, liabilities, settlements, costs, charges, expenses, rights of action, causes of action, of any kind or character whatsoever, whether known or unknown, suspected or unsuspected, which they now have or claim to have, or which may at any time hereafter accrue, arising out of, in connections with in consequence of, in any way involving or related to the Demand Letter, the WPA Case, the WPH Case, the WPA bankruptcy estate, the WPHA bankruptcy estate, or the Policy.

13.     Within five (5) days of making payment to the Department of the Treasury, Internal Revenue Service (the "IRS"), for Claim 90-1 in the WPA Case, the Trustee will send notice via

email to each Insured at the email address listed in Exhibit A attached hereto with a statement as to the amount paid to the IRS.  The Trustee shall also send notice via certified mail, FedEx, or UPS, to Van Pardue and to Matt Cassell, at the addresses listed in Exhibit A.

14.     The Parties represent that none of the matters released or to be released herein have been assigned, in whole or in part, to any other person or entity and that the Parties hold all right, title, and interest in and to the claims they are releasing.  The Parties each represent that he or she is legally competent to execute and enter into this Agreement and that no signature, agreement, or authority is necessary on behalf of the Parties in order to make this Agreement binding, save and except for the signature and authority of the individual who executes this Agreement.

15.     The Parties understand and agree that this Agreement is in full satisfaction of all damages or claims as between the Trustee Related Persons and GAIC, and as between the Trustee Related Persons and the Insureds, except as specifically set forth herein.  The Trustee Related Persons understand and agree that they will not receive any further sums of money from the Parties in connection with the claims released under this Agreement, except as provided in Paragraph 6.

16.     This Agreement shall be governed by, construed and interpreted, and the rights of the Parties hereto determined, in accordance with the laws of the State of Texas.

17.     It is expressly understood and agreed that (a) this Agreement does not constitute an admission of liability on behalf of any of the Parties, but, to the contrary, liability is expressly denied; and (b) this Agreement is entered into solely to avoid the expense and uncertainty of litigation and as a compromise of the disputed matters and shall not be taken in any proceeding of any kind as an admission by any of the Parties.

18.     This Agreement and each provision hereof is binding upon the heirs, executors, administrators, assigns, successors, offices, directors, agents, attorneys, insurers, employees,

affiliated, partners, parents or subsidiary entities, shareholders, principals of any of the Parties hereto.

19.     The Parties hereto represent that they are executing this Agreement wholly upon their own volition and individual judgment, belief, and knowledge and that this Agreement is made without reliance upon any statement or representation of any of the Parties or any person which is not contained in this Agreement.  The Parties declare and represent that no promise, inducement, or agreement has been made to them other than the specific promises and agreements made in this Agreement and that this Agreement contains all agreements and all representations by and between the Parties, the terms of this Agreement are contractual and are not mere recitals.

20.     The Parties represent that they have had this Agreement reviewed by attorneys of their choice.

21.     Each Party represents and warrants that it has obtained all consents or approvals to carry out the provisions of this Agreement that are required under any applicable agreement, duty or law.  Each Party has all requisite power and authority to enter into this Agreement and to carry out the transactions contemplated by, and perform its respective obligations under, this Agreement.

22.     This Agreement may be executed in multiple counterparts, each of which shall constitute an original of the Agreement.  This Agreement is effective as of the last date of execution.

23.     This agreement may not be modified, amended, revised, extended, supplemented, or terminated except in a writing executed by all Parties hereto.

24.     This Agreement is not intended to and shall not constitute a third-party beneficiary contract; and no person or entity that is not a signatory hereto or is not one of the related persons or entities released here described herein shall have any right of action, remedy or other benefit, directly or indirectly, except as expressly provided herein.

25.     The Parties agree to execute and deliver such other instruments and perform such acts, in addition to the matters herein specified, as may be reasonably appropriate or necessary, from time to time, to effectuate this Agreement and the understandings of the Parties, whether the same occurs before or after the date of this Agreement, and they shall similarly refrain from executing any instruments or taking any actions that would interfere with the effectuation of this Agreement and the understandings of the Parties.

26.     Each of the Parties hereto acknowledges that it is responsible to pay its own attorneys' fees and costs.  Each of the Parties represents that its attorneys have been or will be paid in full and that its attorneys do not have, nor shall they seek to recover, any claims or damages against or from any of the other Parties.

27.     Each Party to this Agreement and such Party's legal counsel have reviewed and revised this Agreement.  The rule of construction that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement, or any addenda, amendments or exhibits to this Agreement.

28.     In the event of any dispute, claim or litigation based upon, arising out of, or relating to the breach or enforcement of any provision of this Agreement the prevailing Parties (or Party) in such dispute, claim, or litigation shall be entitled to payment by the non-prevailing Parties (or Party) of its or their reasonable attorneys' fees, costs and expenses.

IN WITNESS WHEREOF AND AGREEMENT HERETO, The Parties have executed this Agreement on the date set forth under their respective signatures below.

[Signature pages to follow]

AGREED:

_____

**STEVEN HORNE**

_____

**MATT CASSELL**

_____

**CESAR HERNANDEZ**

_____

**VIKASH JAIN**

_____

**JIM ROBERTSON**

_____

**VAN PARDUE**

_____

**REMI GEAHEL**

**CITIWEST, INC.**

By: _____
Its: _____

_____

**RICK KNEIPPER**

_____

**JASON SPOONER**

_____

**DAVID HARRIS**

_____

**JOHN FRENZEL**

**MICHELLE H. CHOW,
CHAPTER 7 TRUSTEE FOR
WINGSPAN PORTFOLIO ADVISORS,
LLC AND WINGSPAN PORTFOLIO
HOLDINGS, INC.**

By: *Michelle H. Chow, Trustee*

**GREAT AMERICAN INSURANCE
COMPANY.**

By: _____

Its: _____

AGREED:

_____
STEVEN HORNE

_____
MATT CASSELL

_____
CESAR HERNANDEZ

_____
VIKASH JAIN

_____
JIM ROBERTSON

_____
VAN PARDUE

_____
REMI GEAHEL

CITIWEST, INC.

By: _____
Its: _____

_____
RICK KNEIPPER

_____
JASON SPOONER

_____
DAVID HARRIS

_____
JOHN FRENZEL

**MICHELLE H. CHOW,**
**CHAPTER 7 TRUSTEE FOR**
**WINGSPAN PORTFOLIO ADVISORS,**
**LLC AND WINGSPAN PORTFOLIO**
**HOLDINGS, INC.**

By: _____

**GREAT AMERICAN INSURANCE**
**COMPANY.**

By: _____

Its: _____

**SETTLEMENT AGREEMENT - Page 9**

AGREED:

_____

**STEVEN HORNE**

_~~Matthew R. Cassell~~_

**MATT CASSELL**

_____

**CESAR HERNANDEZ**

_____

**VIKASH JAIN**

_____

**JIM ROBERTSON**

_____

**VAN PARDUE**

_____

**REMI GEAHEL**

**CITIWEST, INC.**

By: _____

Its: _____

_____

**RICK KNEIPPER**

_____

**JASON SPOONER**

_____

**DAVID HARRIS**

_____

**JOHN FRENZEL**

**MICHELLE H. CHOW,
CHAPTER 7 TRUSTEE FOR
WINGSPAN PORTFOLIO ADVISORS,
LLC AND WINGSPAN PORTFOLIO
HOLDINGS, INC.**

By: _____

**GREAT AMERICAN INSURANCE
COMPANY.**

By: _____

Its: _____

**SETTLEMENT AGREEMENT - Page 9**

AGREED:

_____

**STEVEN HORNE**


_____

**MATT CASSELL**

_____

**CESAR HERNANDEZ**


_____

**VIKASH JAIN**


_____

**JIM ROBERTSON**


_____

**VAN PARDUE**


_____

**REMI GEAHEL**

**CITIWEST, INC.**

By: _____

Its: _____


_____

**RICK KNEIPPER**


_____

**JASON SPOONER**


_____

**DAVID HARRIS**


_____

**JOHN FRENZEL**

**MICHELLE H. CHOW,
CHAPTER 7 TRUSTEE FOR
WINGSPAN PORTFOLIO ADVISORS,
LLC AND WINGSPAN PORTFOLIO
HOLDINGS, INC.**


By: _____


**GREAT AMERICAN INSURANCE
COMPANY.**


By: _____

Its: _____

AGREED:

_____
**STEVEN HORNE**


_____
**MATT CASSELL**


_____
**CESAR HERNANDEZ**

_____
**VIKASH JAIN**


_____
**JIM ROBERTSON**


_____
**VAN PARDUE**


_____
**REMI GEAHEL**


**CITIWEST, INC.**

By: _____
Its: _____


_____
**RICK KNEIPPER**


_____
**JASON SPOONER**


_____
**DAVID HARRIS**


_____
**JOHN FRENZEL**

**MICHELLE H. CHOW,
CHAPTER 7 TRUSTEE FOR
WINGSPAN PORTFOLIO ADVISORS,
LLC AND WINGSPAN PORTFOLIO
HOLDINGS, INC.**


By: _____


**GREAT AMERICAN INSURANCE
COMPANY.**


By: _____

Its: _____

**SETTLEMENT AGREEMENT - Page 9**

AGREED:

_____      **MICHELLE H. CHOW,**
**STEVEN HORNE**                     **CHAPTER 7 TRUSTEE FOR**
                                     **WINGSPAN PORTFOLIO ADVISORS,**
_____      **LLC AND WINGSPAN PORTFOLIO**
**MATT CASSELL**                     **HOLDINGS, INC.**


_____
**CESAR HERNANDEZ**                  By: _____


_____
**VIKASH JAIN**                      **GREAT AMERICAN INSURANCE**
                                     **COMPANY.**
_____
**JIM ROBERTSON**
                                     By: _____
_____
**VAN PARDUE**                       Its: _____


_____
**REMI GEAHEL**

**CITIWEST, INC.**

By: _____
Its: _____


_____
**RICK KNEIPPER**


_____
**JASON SPOONER**


_____
**DAVID HARRIS**


_____
**JOHN FRENZEL**


**SETTLEMENT AGREEMENT - Page 9**

AGREED:

_____
**STEVEN HORNE**

_____
**MATT CASSELL**

_____
**CESAR HERNANDEZ**

_____
**VIKASH JAIN**

_____
**JIM ROBERTSON**

_____
**VAN PARDUE**

_____
**REMI GEAHEL**

**CITIWEST, INC.**

By: _____
Its: _____

_____
**RICK KNEIPPER**

_____
**JASON SPOONER**

_____
**DAVID HARRIS**

_____
**JOHN FRENZEL**

**MICHELLE H. CHOW,
CHAPTER 7 TRUSTEE FOR
WINGSPAN PORTFOLIO ADVISORS,
LLC AND WINGSPAN PORTFOLIO
HOLDINGS, INC.**

By: _____

**GREAT AMERICAN INSURANCE
COMPANY.**

By: _____
Its: _____

**SETTLEMENT AGREEMENT - Page 9**

AGREED:

_____          **MICHELLE H. CHOW,**
                                          **CHAPTER 7 TRUSTEE FOR**
**STEVEN HORNE**                          **WINGSPAN PORTFOLIO ADVISORS,**
                                          **LLC AND WINGSPAN PORTFOLIO**
_____          **HOLDINGS, INC.**

**MATT CASSELL**

_____

**CESAR HERNANDEZ**                       By: _____

_____

**VIKASH JAIN**

_____          **GREAT AMERICAN INSURANCE**
                                          **COMPANY.**
**JIM ROBERTSON**

_____          By: _____

**VAN PARDUE**                            Its: _____

_____

**REMI GEAHEL**

**CITIWEST, INC.**

By: _____

Its: __REMI GEAHEL   ITS PRESIDENT__

_____

**RICK KNEIPPER**

_____

**JASON SPOONER**

_____

**DAVID HARRIS**

_____

**JOHN FRENZEL**

AGREED:

_____
**STEVEN HORNE**

_____
**MATT CASSELL**

_____
**CESAR HERNANDEZ**

_____
**VIKASH JAIN**

_____
**JIM ROBERTSON**

_____
**VAN PARDUE**

_____
**REMI GEAHEL**

**CITIWEST, INC.**

By: _____
Its: _____

_____
**RICK KNEIPPER**

_____
**JASON SPOONER**

_____
**DAVID HARRIS**

_____
**JOHN FRENZEL**

**MICHELLE H. CHOW,
CHAPTER 7 TRUSTEE FOR
WINGSPAN PORTFOLIO ADVISORS,
LLC AND WINGSPAN PORTFOLIO
HOLDINGS, INC.**

By: _____

**GREAT AMERICAN INSURANCE
COMPANY.**

By: _____

Its: _____

**SETTLEMENT AGREEMENT - Page 9**

AGREED:

_____          **MICHELLE H. CHOW,**
**STEVEN HORNE**                      **CHAPTER 7 TRUSTEE FOR**
                                      **WINGSPAN PORTFOLIO ADVISORS,**
_____          **LLC AND WINGSPAN PORTFOLIO**
**MATT CASSELL**                      **HOLDINGS, INC.**

_____
**CESAR HERNANDEZ**                   By: _____

_____
**VIKASH JAIN**

_____          **GREAT AMERICAN INSURANCE**
**JIM ROBERTSON**                     **COMPANY.**

_____          By: _____
**VAN PARDUE**
                                      Its: _____

_____
**REMI GEAHEL**

**CITIWEST, INC.**

By: _____
Its: _____

_____
**RICK KNEIPPER**

_____
**JASON SPOONER**

_____
**DAVID HARRIS**

_____
**JOHN FRENZEL**

AGREED:

_____

**STEVEN HORNE**

_____

**MATT CASSELL**

_____

**CESAR HERNANDEZ**

_____

**VIKASH JAIN**

_____

**JIM ROBERTSON**

_____

**VAN PARDUE**

_____

**REMI GEAHEL**

**CITIWEST, INC.**

By: _____
Its: _____

_____

**RICK KNEIPPER**

_____

**JASON SPOONER**

_____

**DAVID HARRIS**

_____

**JOHN FRENZEL**

**MICHELLE H. CHOW,**
**CHAPTER 7 TRUSTEE FOR**
**WINGSPAN PORTFOLIO ADVISORS,**
**LLC AND WINGSPAN PORTFOLIO**
**HOLDINGS, INC.**

By: _____

**GREAT AMERICAN INSURANCE**
**COMPANY.**

By: _____

Its: _____

AGREED:

_____
**STEVEN HORNE**

_____
**MATT CASSELL**

_____
**CESAR HERNANDEZ**

_____
**VIKASH JAIN**

_____
**JIM ROBERTSON**

_____
**VAN PARDUE**

_____
**REMI GEAHEL**

**CITIWEST, INC.**

By: _____
Its: _____

_____
**RICK KNEIPPER**

_____
**JASON SPOONER**

_____
**DAVID HARRIS**

_____
**JOHN FRENZEL**

**MICHELLE H. CHOW,
CHAPTER 7 TRUSTEE FOR
WINGSPAN PORTFOLIO ADVISORS,
LLC AND WINGSPAN PORTFOLIO
HOLDINGS, INC.**

By: _____

**GREAT AMERICAN INSURANCE
COMPANY.**

By: _____

Its: _____

AGREED:

_____
**STEVEN HORNE**

_____
**MATT CASSELL**

_____
**CESAR HERNANDEZ**

_____
**VIKASH JAIN**

_____
**JIM ROBERTSON**

_____
**VAN PARDUE**

_____
**REMI GEAHEL**

**CITIWEST, INC.**

By: _____
Its: _____

_____
**RICK KNEIPPER**

_____
**JASON SPOONER**

_____
**DAVID HARRIS**

_____
**JOHN FRENZEL**

**MICHELLE H. CHOW,**
**CHAPTER 7 TRUSTEE FOR**
**WINGSPAN PORTFOLIO ADVISORS,**
**LLC AND WINGSPAN PORTFOLIO**
**HOLDINGS, INC.**


By: _____


**GREAT AMERICAN INSURANCE**
**COMPANY.**

By: _~Harold H. Isaac~_
Its: _Divisional V.P._

**SETTLEMENT AGREEMENT - Page 9**

## EXHIIBT A

### LIST OF EMAIL AND MAILING ADDRESSES FOR NOTICE PROVISIONS

| | |
|---|---|
| Matt Cassell | Matthew R. Cassell<br>4124 Myerwood Lane<br>Dallas, TX 75244<br>matthewrcassell@gmail.com |
| John Frenzel | fmj4242@gmail.com |
| Remi Geahel & CitiWest | rgeahel@citiwestinc.com |
| David Harris | dharriscapital@gmail.com |
| Cesar Hernandez | cesarhdz7@yahoo.com |
| Steve Horne | Srhorne1@gmail.com |
| Vik Jain | Vikjain@aol.com |
| Rick Kneipper | rick.kneipper@gmail.com |
| Van Pardue | Van E. Pardue<br>3401 Lee Parkway, # 1802<br>Dallas, TX 75219<br>vepardue@gmail.com |
| Jim Robertson | jlr@ravdocs.com |
| Jason Spooner | jason.spooner@hotmail.com |